IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
<u>SOUTHERN DIVISION</u>

| | |
|---|---|
| NAOMI LEWIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 00-PWG-3602-S ) |
| BIRMINGHAM PSYCHIATRY, | ) ) |
| Defendant. | ) |

**ENTERED**

**NOV 2 8 2001**

<u>MEMORANDUM OF OPINION</u>

Naomi Lewis, plaintiff, initiated this civil action with a complaint alleging violations of Title VII of the Civil Rights Act of 1964 by defendant Birmingham Psychiatry. The complaint alleges that Ms. Lewis was unfairly compensated and terminated by the defendant. She also alleges a § 1981 violation based upon her rate of pay. Plaintiff was initially represented by counsel; however, the attorney withdrew on August 21, 2001. This action is before the magistrate judge pursuant to the written consent of the parties to the exercise of jurisdiction by the magistrate judge. 28 U.S.C. § 636(c) and LR 73.2.

Before the court is defendant's unopposed Motion for Summary Judgment. On October 17, 2001 plaintiff was specifically advised of the consequences of failure to comply with Rule 56 of the *Federal Rules of Civil Procedure*.

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure*. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish

his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

The following facts are undisputed. In November 1999 defendant Birmingham Psychiatry relocated its office. Peggy Holly, defendant's office manager, was in charge of handling the logistics of the move. Ms. Holly contacted several storage companies to obtain prices for off-site moving and storage of patient records. Defendant hired temporary employees to index and load the patient files. Ms. Holly canvassed temporary employment agencies to ascertain the level of

compensation applicable to the work to be performed by temporary workers. The management committee determined that $6.00 an hour was an appropriate rate of pay.

Ms. Lewis, an African-American, was one of the temporary employees hired to index and load patient files. Her job consisted of gathering patient files, writing the name and date of birth of the patient on a piece of paper and loading the file into a box. Defendant hired several other employees to perform this same task. The group hired to index and load patient files included both African-Americans and Caucasians, all paid the same rate of $6.00 an hour.

Other temporary employees were hired to handle additional tasks which included creating a computer index of the patient files, preparing the financial records for the move and supervising the temporary employees. Defendant paid the employees hired to perform these additional tasks a higher rate of pay at $10.00 an hour. These employees were all Caucasian.

Ms. Lewis's employment with defendant ended when the move was completed in April 2000. Although she alleges a termination claim in her complaint, she testified in deposition she did not contend that her termination was race related.

I.  Defendant is entitled to summary judgment on Plaintiff's
    <u>claim of race discrimination with regard to her rate of pay.</u>

Ms. Lewis's complaint asserts a racial discrimination claim under both Title VII and 42 U.S.C. § 1981, based on the difference in the rates of pay among the temporary employees. "The elements of a claim of race discrimination under 42 U.S.C. § 1981 are also the same as a Title VII disparate treatment claim in the employment context. *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 843 n.11 (11th Cir. 2000). Because Ms. Lewis has not offered direct evidence of discrimination, the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) must be applied.

3

    A.    <u>Plaintiff has failed to make out a prima facie case.</u>

Under the *McDonnell Douglas* burden shifting framework, a plaintiff using circumstantial evidence to prove her race discrimination claim must first establish a *prima facie* case. In a disparate treatment case, a plaintiff establishes a *prima facie* case by showing: (1) she belongs to a racial minority; (2) she was subjected to adverse job action; (3) her employer treated similarly situated employees outside her classification more favorably; and (4) she was qualified to do the job. *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). Plaintiff's *prima facie* case of face discrimination with regard to her rate of pay fails because she cannot point to similarly situated Caucasian employees who were treated more favorably.

The African-American and Caucasian temporary employees hired to index and box files, the task performed by Ms. Lewis, were all paid $6.00 an hour. Temporary employees hired to perform additional duties received a higher rate of pay, $10.00 an hour. All employees, both African-American and Caucasian, within plaintiff's group were hired only to index and box files and received the same rate of pay. Accordingly, Ms. Lewis has failed to identify any similarly situated Caucasian employees paid more than she received. Ms. Lewis has failed to establish a *prima facie* case.

    B.    Assuming *arguendo* that plaintiff has made a *prima facie* case, she cannot show that defendant's legitimate, non-discriminatory <u>reason regarding the rate of pay is a pretext for discrimination.</u>

Assuming Ms. Lewis has made a *prima facie* case, defendant is nonetheless still entitled to summary judgment on her race claim. Should a plaintiff establish a *prima facie* case, an employer need only articulate legitimate reasons for its action. *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981). The "determination that a defendant has met its burden of production (and has thus rebutted any legal presumption of intentional discrimination) can involve

4

no credibility assessment." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 508 (1993). Once the employer satisfies this burden of production, the employee then has the burden of persuading the court that the proffered reason for employment decision is a pretext for discrimination. *See Id.* at 514.

Defendant has clearly articulated a legitimate non-discriminatory reason for its action. Defendant states that temporary employees were paid according to job responsibilities which differed among groups. Employees, such as plaintiff, hired solely to index and pack boxes, were paid $6.00 an hour, the going rate for temporary employees. Employees hired to perform additional tasks, which involved supervision, financial records and computer skills, were paid at a higher rate of $10.00 an hour. The difference in pay was the product of the difference in the work to be performed.

Ms. Lewis offers no evidence to rebut this legitimate non-discriminatory reason. Ms. Lewis admitted in deposition that she worked largely alone and did not see other employees working. She further testified that one of these employees, Linda Crumbliss, worked on the computer. Ms. Lewis has provided no evidence to indicate that the employees with the higher rate of pay did not perform additional duties.

II.   <u>Defendant is entitled to summary judgment on plaintiff's termination claim</u>.

Although Ms. Lewis also raised a termination claim in her complaint contending her discharge following the move was race-based, she specifically denied in her deposition that her termination was related to race:

> Q:   Okay. Well, whether you use the phrase terminated or ended, are you contending or alleging in your lawsuit that the termination of you[r] job was based on race?
>
> A:   No.

5

. . .

> Q: And it was not – and your allegations – it is not part of your lawsuit that that ending or termination was race related?
>
> A: No.

(Plaintiff's deposition at p.86).

Ms. Lewis testified that she was hired to help with the office move and when the move was completed her job ended. Based on her own testimony that her termination was not race related, summary judgment is appropriate as to that claim.

Based on the foregoing defendant's motion for summary judgment is due to be granted. A separate Final Judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 28th day of November, 2001.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE